IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA ALVAREZ<br>         Plaintiff,<br><br>v.<br><br>STATE FARM LLOYDS AND<br>JENNIFER BURTON<br>         Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant **STATE FARM LLOYDS** ("State Farm") files this Notice of Removal.

## PROCEDURAL BACKGROUND

1. Plaintiff MARIA ALVAREZ filed this action on June 3, 2020, against State Farm Lloyds, in the County Court at Law No. 2 of Hidalgo County, Texas. That case was docketed under cause number CL-20-2339-B (the "State Court Action").

2. State Farm was served with process on June 15, 2020.

3. State Farm filed its Original Answer on June 29, 2020.

4. State Farm timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the County Court at Law No. 2 of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

## NATURE OF THE SUIT

5. This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Plaintiff's insurance claim. Plaintiff's claim is for damages allegedly sustained to their residential property as the result of an May 31, 2016 storm in Hidalgo County,

Texas. *See* Plaintiff's Original Petition at ¶ 8.

6.     The Original Petition asserts causes of action against Defendant State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code and the Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing, as well as knowing or intentional violations, mental anguish, attorney's fees and court costs. *See* Plaintiff's Original Petition at ¶¶ 18-32.

## BASIS FOR REMOVAL

7.     The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff, State Farm, and Jennifer Burton) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

8.     At the time the State Court Action was commenced, Plaintiff was and still is resident and citizen of Texas. *See* Plaintiff's Original Petition at ¶ 1.

9.     Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

10.    At the time the State Court Action was commenced, Defendant Jennifer Burton was and still is a resident and citizen of Alaska.

## *Amount in Controversy*

11. While Plaintiff has attempted to avoid removal through an improper Rule 47 statement, the allegations in her Original Petition and her pre-suit demand show the amount in controversy exceeds $75,000 in this lawsuit.[1] Plaintiff states she seeks only monetary relief of no more than $75,000, including damages of any kind, but in direct contrast, she also pleads this case discovery be conducted under Discovery Level 3. *See* TEX. R. CIV. P. 169(a)(1); 190.2(a)(1); 190.3(a). Plaintiff's Original Petition ¶ 1. Rule 47 does not permit a request for monetary relief of $75,000, and plaintiff's request for this amount does not control when determining the amount in controversy because, in Texas, "state practice does not permit demand for a specific sum." *See, e.g., Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:15-CV-446, 2015 U.S. Dist. LEXIS 192922, at *4 (S.D. Tex. 2015). In fact, a request for $75,000 or less, rather than a request for $100,000 or less as permitted by the rules, is regularly viewed as manipulation of the rules in an attempt to improperly avoid federal jurisdiction, and "such manipulation is surely characterized as bad faith." *Id.*

12. Instead, we must look at the actual damages sought in the petition, and Plaintiff pleads damages which include actual damages, attorneys' fees, treble damages, court costs and statutory interest. Plaintiff's Original Petition ¶¶ 9-17. Plaintiff made a pre-suit demand on May 14, 2019 and demanded $23,071.23 in economic damages and $3,114.62 (per year) in statutory interest, among other damages. If Plaintiff recovers the full amount she seeks in economic damages, and that amount is trebled under the Insurance Code and/or DTPA, Plaintiff's recovery would be $69,213.69 for those damages alone. Further, because Plaintiff's demand was sent over one year ago, the amount

---

[1] Plaintiff also filed a stipulation of damages with her petition, however, the stipulation is wholly insufficient and fails to establish, to a legal certainty, that Plaintiff's claim is for $75,000 or less. *See, e.g., Razo v. State Farm Lloyds*, No. 7:17-CV-00352, 2017 U.S. Dist. LEXIS 226516, at *4 (S.D. Tex. 2017) ("The document was not signed by Plaintiffs themselves, nor was it signed by Defendant, and thus cannot constitute a binding stipulation."). The stipulation is not signed by the Plaintiff and even if it were, it does not stipulate that she does not and will not seek a sum in excess of $75,000 in this case. The stipulation contains only an unsigned conclusory statement by Plaintiff that the "amount in controversy" does not exceed the sum of $74,999.00 and a signed statement from her counsel that he will refuse to execute on a judgment which likewise exceeds the sum of $74,999.00. This is wholly insufficient to constitute a binding and sufficient stipulation.

of statutory interest Plaintiff seeks, according to her own calculations, now exceeds $6,000.00. Therefore, the amount in controversy is met before even considering attorney's fees and other damages Plaintiff seeks in this lawsuit.

## REMOVAL IS PROCEDURALLY CORRECT

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm was served with process on June 15, 2020.

14. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

15. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1A-1D).

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of the County Court at Law No. 2 of Webb County, Texas.

17. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
ecantu@ramonworthington.com
**RAMÓN | WORTHINGTON, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Phone: (956) 294-4800
Facsimile: 956-928-9564

Electronic Service to:
efile@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**

Sofia A. Ramón
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN | WORTHINGTON, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800
(956) 928-9564 – Fax

**Electronic Service to:**
**efile@ramonworthington.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2020 a true and correct copy of the foregoing document was served via e-FileTexas.gov to the following:

Douglas E. Pennebaker
PENNEBAKER LAW FIRM
2101 NW Military Hwy
San Antonio, Texas 78213
T: (210) 562-2888
F: (210) 562-2880
Email: doug@pennebakerlaw.com

and

Willie McAllen
Law Offices of Willie McAllen
2102 W. University Dr.
Edinburg, Texas 78539
T: (956) 383-2143
F: (956) 383-2147
Email: mcallenlaw@gmail.com

*Attorneys for Plaintiff*

>   */s/ Elizabeth Sandoval Cantu*
>   Elizabeth Sandoval Cantu